our practice to justify the interference of an appellate court, with the findings of the court below, when sitting for the determination of facts, or the verdict of a jury. Opinion by McAllister, J. Judge below, Joseph E. Gary. Attorneys, for appellant, Messrs. Willard & Driggs; for appellee, Messrs. C. H. & C. B. Wood, and Mr. A. H. Veeder. Opinion filed Jan. 6, 1886.

No. 67—2181. Nelson Morris v. Lawrence Litchfield et al. This case was before the court on a former appeal, and is reported in 14 Bradwell, 83. The judgment was then reversed and the cause remanded for a new trial. Upon the second trial new and further testimony was introduced on behalf of the plaintiffs, which, if believed by the jury, was sufficient to support the verdict in favor of the plaintiffs, which was found. The question of the credibility of witnesses is so peculiarly a matter within the province of a jury to determine, that appellate courts will not, except in very rare cases, interfere with the verdict. The judgment of the court below is affirmed. Opinion by McAllister, J. Judge below, Elliott Anthony. Attorneys, for appellees, Messrs. Frank J. Smith & Helmer; for appellant, Mr. John C. Richberg. Opinion filed Jan. 6, 1886.

No. 80—2194. The Pennsylvania Co. v. Henry Marshall. This was an action on the case brought by appellee against appellant to recover damages for the death of his son, caused by being run over by a train of appellant's railroad cars in the vicinity of Grove and 18th streets, in Chicago, through the alleged careless and negligent management of the train by defendant's servants. There was a jury trial resulting in a verdict and judgment for the plaintiff for $2,000. The evidence tended to show that the train consisted of twenty freight cars and an engine, and was something over 600 feet long; that the engine, instead of being at the head of the train, was in the rear pushing the train, and there was no flag or other signal at the approaching end of the train to warn passers-by of danger. The court is of opinion that the company was guilty of culpable negligence in backing a long train of cars through a busy part of the city, where people and teams were constantly passing and repassing, without using special precautions, either by having a person stationed on the train or on

